UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KAI T. EISELEIN,<br><br>                Plaintiff,<br><br>v.<br><br>ROBERT J. COLARUSSO AGENCY, INC., and VIRTUALCLICK MARKETING, INC.,<br><br>                Defendants. | Case No. 3:11-cv-00348-LMB<br><br>**ORDER AND REPORT AND RECOMMENDATION** |

This matter is before the Court on Defendant VirtualClick's Motion to Dismiss. (Dkt. 10). Dismissal for lack of jurisdiction appears appropriate. However, because some parties have not consented to the jurisdiction of a United State Magistrate Judge, this matter will be reassigned to United States District Judge Edward J. Lodge, along with the following report and recommendation that Plaintiff's Complaint be dismissed.

## BACKGROUND

Pro se plaintiff Kai Eiselein claims to have posted a photograph he captured and titled "Memorial Garden, Massapequa, NY," to his photostream account at

www.flickr.com.[1]  According to Eiselein, "[t]he photograph was registered with the United States Copyright Office on February 2, 2009 as part of a collection of unpublished photographs titled 'Visions in Six States.'"  (*Complaint*, Dkt. 2 at 2).  Eiselein states that the copyright registration number is VAu000981816.

On June 30, 2011, Eiselein alleges that he found his copyrighted photograph being used, without his knowledge or consent, on the website for Insurance Services of Long Island.  (*Id.*, *see also* http://www.insurancelongisland.net/ (last visited Jan. 16, 2013).  According to Eiselein, Defendant Robert J. Colarusso Agency, Inc. is the owner of the website.  Eiselein states further that Defendant VirtualClick Marketing is the designer of the website.  (*Id.*)  Eiselein claims that neither Defendant had permission to use his copyrighted photograph.  (*Id.*)  He is seeking damages of $150,000 and a permanent injunction barring Defendants from using the photograph.  (*Id.*)

## REPORT

Defendant VirtualClick Marketing has moved for dismissal of the Complaint for lack of personal jurisdiction and improper venue.  (*Motion to Dismiss*, Dkt. 10).  Defendant Robert J. Colarusso Agency has not filed an answer, Rule 12 motion or otherwise made an appearance.

**A.**     **Jurisdiction**

Federal due process requires that a nonresident defendant have minimum contacts with the forum state such that the exercise of personal jurisdiction does not offend

---

[1] Flickr is an "online photo management and sharing application."  *See* flickr website, http://www.flickr.com/ (last visited Jan. 16, 2013).  The photo in question can be found at http://www.flickr.com/photos/eiselein/3251666592.  The photo depicts fall scene of a headstone with flowers and an American flag underneath a tree.

**ORDER AND REPORT AND RECOMMENDATION - 2**

traditional notions of fair play and substantial justice. *International Shoe Co. v. Washington*, 326 U.S. 310 (1945). To avoid dismissal, a plaintiff must make a prima facie showing of jurisdictional facts. *Lake v. Lake*, 817 F.2d 1416, 1420 (9th Cir.1987). Personal jurisdiction over a nonresident defendant exists if: (1) the nonresident defendant has some connection with the forum state; (2) the claim arises out of the defendant's forum-related activities; and (3) the exercise of jurisdiction is reasonable. *See Data Disc, Inc. v. Systems Technology Assoc., Inc.*, 557 F.2d 1280, 1287 (9th Cir.1977). Plaintiff bears the burden of demonstrating that jurisdiction is proper. *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002).

To survive a jurisdictional challenge on a motion to dismiss, the plaintiff need only make a prima facie showing of jurisdiction. *Ziegler v. Indian River County*, 64 F.3d 470, 473 (9th Cir. 1995). In determining whether Plaintiffs have established a prima facie case, a plaintiff's allegations of jurisdictional facts in the complaint are presumed true unless contradicted by opposing affidavits. *Alexander v. Circus Circus Enterprises, Inc.*, 939 F.2d 847, 850 (9th Cir. 1991) *overruled on other grounds*. When opposing affidavits are presented, plaintiff must come forth with evidence of jurisdiction. *Id.* at 850; *Davis v. American Family Mut. Ins. Co.,* 861 F.2d 1159 (9th Cir. 1988).

Here, exercise of personal jurisdiction over the named defendants would be unreasonable, because the only evidence on the record shows that Defendant VirtualClick has not engaged in any business in the state of Idaho. (*Affidavit of Arielle Jessel*, Dkt. 10-1). Further, while Defendant Robert J. Colarusso Agency has not answered or otherwise appeared in this action, Plaintiff's own submission shows that it is only conducting

**ORDER AND REPORT AND RECOMMENDATION - 3**

business in the state of New York.  In sum, Plaintiff has made no assertions that these Defendants have any connection with the state of Idaho which would render them amenable to service under the *International Shoe* standard.

It also appears that venue is improper.  Civil rights actions may be brought only in "(1) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (2) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought."  28 U.S.C. S 1391(b).  There appears to be no basis for venue in Idaho.

Where venue appears improper, the district court "shall dismiss the case" or, "if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).  Because both venue and personal jurisdiction in Idaho appear improper, the Court should decline to transfer this case and instead dismiss it without prejudice.

## ORDER

**IT IS HEREBY ORDERED:**

1. This case is REASSIGNED to Hon. Edward J. Lodge;
2. The case shall be renumbered as 3:11-cv-00348-EJL for all further proceedings;

## RECOMMENDATION

**FURTHERMORE, IT IS HEREBY RECOMMENDED THAT:**

1. Defendant VirtualClick Marketing's *Motion to Dismiss* (Dkt. 10) be GRANTED; and

2. Plaintiff's *Complaint* (Dkt. 2) be DISMISSED without prejudice.

DATED: January 17, 2013

Honorable Larry M. Boyle
U. S. Magistrate Judge

Written objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 626(b)(1) and Dist. Idaho L. Rule 72.1(b), or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.