UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KAI T. EISELEIN,<br><br>                Plaintiff,<br><br>v.<br><br>ROBERT J. COLARUSSO AGENCY, INC., and VIRTUALCLICK MARKETING, INC.,<br><br>                Defendant. | Case No. 3:11-CV-00348-EJL-LMB<br><br>**ORDER ON REPORT AND RECOMMENDATION** |

       On January 17, 2013, United States Magistrate Judge Larry M. Boyle issued a Order and Report and Recommendation in this matter, Dkt. 17. Pursuant to 28 U.S.C. § 636(b)(1), the parties had fourteen days in which to file written objections to the Report and Recommendation. Plaintiff filed his objection on January 31, 2012, Dkt. 18. No objections or response to Plaintiff's objection was filed by Defendants. The matter is now ripe for the Court's consideration.

**ORDER ON REPORT AND RECOMMENDATION - 1**

## DISCUSSION

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge. Where the parties object to a report and recommendation, this Court shall make a de novo determination of those portions of the report which objection is made. *Id*. Where, however, no objections are filed the district court need not conduct a de novo review. In *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003), the court interpreted the requirements of 28 U.S.C. § 636(b)(1)(C):

> The statute [28 U.S.C. § 636(b)(1)(C)] makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise. As the *Peretz* Court instructed, "to the extent de novo review is required to satisfy Article III concerns, it need not be exercised unless requested by the parties." *Peretz*, 501 U.S. at 939 (internal citation omitted). Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct. *See Ciapponi*, 77 F.3d at 1251 ("Absent an objection or request for review by the defendant, the district court was not required to engage in any more formal review of the plea proceeding."); *see also Peretz*, 501 U.S. at 937-39 (clarifying that de novo review not required for Article III purposes unless requested by the parties)
> . . . .

*See also Wang v. Masaitis*, 416 F.3d 993, 1000 & n.13 (9th Cir. 2005). Furthermore, to the extent that no objections are made, arguments to the contrary are waived. *See* Fed. R. Civ. P. 72; 28 U.S.C. § 636(b)(1) (objections are waived if they are not filed within fourteen days of service of the Report and Recommendation). In this case, an objection

**ORDER ON REPORT AND RECOMMENDATION - 2**

was filed so the Court is required to conduct a de novo determination of the Report and Recommendation.

## FACTUAL BACKGROUND

The Court adopts and incorporates the factual background from the Order and Report and Recommendation on pages 1-2:

Pro se plaintiff Kai Eiselein claims to have posted a photograph he captured and titled "Memorial Garden, Massapequa, NY," to his photostream account at www.flickr.com. According to Eiselein, "[t]he photograph was registered with the United States Copyright Office on February 2, 2009 as part of a collection of unpublished photographs titled 'Visions in Six States.'" (Complaint, Dkt. 2 at 2). Eiselein states that the copyright registration number is VAu000981816.

On June 30, 2011, Eiselein alleges that he found his copyrighted photograph being used, without his knowledge or consent, on the website for Insurance Services of Long Island. (*Id.*, see also http://www.insurancelongisland.net/ (last visited Jan. 16, 2013). According to Eiselein, Defendant Robert J. Colarusso Agency, Inc. is the owner of the website. Eiselein states further that Defendant VirtualClick Marketing is the designer of the website. (*Id.*) Eiselein claims that neither Defendant had permission to use his copyrighted photograph. (*Id.*) He is seeking damages of $150,000 and a permanent injunction barring Defendants from using the photograph. (*Id.*)

**ORDER ON REPORT AND RECOMMENDATION - 3**

Defendant VirtualClick Marketing has moved for dismissal of the Complaint for lack of personal jurisdiction and improper venue. (Motion to Dismiss, Dkt. 10). Defendant Robert J. Colarusso Agency has not filed an answer, Rule 12 motion or otherwise made an appearance.

Judge Boyle concluded this Court lacked personal jurisdiction over the Defendants and that venue was improper. Judge Boyle recommended granting the motion to dismiss and dismissing the Complaint without prejudice.

## OBJECTIONS

Plaintiff does not object to Judge Boyle's recommendation this Court lacks personal jurisdiction over the named Defendants. Therefore, the Court will not address this recommendation. Rather, Plaintiff objects to Judge Boyle's recommendation that based on improper venue in Idaho the matter should be dismissed without prejudice instead of transferring the matter to New York's Eastern District.

Judge Boyle determined and this Court agrees the District of Idaho is not the proper venue for this action. Plaintiff is correct that when a case has been filed in the wrong venue, the district court shall "dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The court has discretion in determining whether to transfer or dismiss an action for improper venue. *See King v. Russell,* 963 F .2d 1301, 1304 (9th Cir.1992). Transfer, instead of dismissal, is appropriate when the plaintiff's rights would be terminated without

**ORDER ON REPORT AND RECOMMENDATION - 4**

a hearing on the merits, as when the statute of limitations has run. *Burnett v. New York Cent. R.R. Co.,* 380 U.S. 424, 430 (1965).  Additionally, under § 1915, courts must dismiss in forma pauperis actions where the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915.  Legally untenable claims (e.g., claims against defendants who are immune from suit) must be dismissed under § 1915. *See Neitzke v. Williams,* 435 U.S. 319, 327–28 (1989).

     Because Plaintiff is appearing pro se, this court will liberally construe his pleadings. *Eldridge v. Block,* 832 F.2d 1132, 1137 (9th Cir.1987).   It is unclear to the Court if Plaintiff's rights would be terminated due to the statute of limitations.  Plaintiff alleges he discovered the alleged copyright infringement in June of 2011, but the Court is not familiar with the applicable statute of limitations for Plaintiff's claims.  Moreover, the Court finds Plaintiff's claims do not appear on their face to be frivolous or malicious, to fail to state a claim or to be seeking monetary relief against a defendant who may be immune from such relief.  Because Plaintiff is pro se and proceeding in forma pauperis, the Court finds it is in the interest of justice to transfer venue to a proper federal court so that Plaintiff does not incur additional fees and expenses in prosecuting his claim.  Plaintiff's objection is granted and the matter shall be transferred to the requested court in New York.

**ORDER ON REPORT AND RECOMMENDATION - 5**

# ORDER

**IT IS ORDERED:**

1. The Order and Report and Recommendation (Dkt. 17) shall be **INCORPORATED** by reference and **ADOPTED** in its entirety unless otherwise modified by this Order.

2. Defendants' Motion to Dismiss for a lack of personal jurisdiction (Dkt. 10) is **GRANTED in part.**

3. Due to improper venue in Idaho, this Court shall transfer the matter to a federal court in the New York Eastern District.  This action is **TRANSFERRED** to the United States District Court for the Eastern District of New York.  All pending motions and requests shall be TRANSFERRED.  All future pleadings shall be filed in the Eastern District of New York.

DATED:  **March 11, 2013**

Honorable Edward J. Lodge
U. S. District Judge